IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CONNIE ARNOLD,                         )
                                       )    02:05-cv-602-GEB-GGH
                Plaintiff,             )
                                       )
     v.                                )    ORDER
                                       )
SACRAMENTO DOUBLETREE HOTEL;           )
DOUBLETREE HOTEL CORPORATION;          )
RED LION INNS OPERATING L.P.;          )
WESTBOY LLC; THE BOYKIN GROUP,         )
INC.; BOYKIN LODGING COMPANY,          )
                                       )
                Defendants.            )
                                       )
```

On January 4, 2007, the parties filed a "Consent Decree and Order" ("Decree"). The Decree reveals the parties have settled this action, and that their settlement includes remedial measures. The parties assume in the Decree that the federal court will exercise jurisdiction over the Decree.

The parties' agreement that the federal court will exercise jurisdiction over their Decree "is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). Settlement agreements are contracts, and the "automatic jurisdiction over such contracts is in no way essential to the conduct of federal-

court business." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994).

When deciding whether to exercise jurisdiction as the parties request, "it is helpful briefly to examine the relevant differences between settlements and consent decrees generally" since the parties' characterization of their Decree as a "consent decree" does not govern how it is ultimately defined. Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 279-80 (4th Cir. 2002).

> A consent decree has elements of both judgment and contract, a dual character that results in different treatment for different purposes. Thus, a consent decree embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.
>
> The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order.
>
> Because it is entered as an order of the court, the terms of a consent decree must also be examined by the court. . . . Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.
>
> ***
>
> By contrast, a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court. Nor is a private settlement agreement enforceable by a district court as an order of the court unless the obligation to comply with its terms is made part of the order of dismissal-either by separate

1           provision (such as a provision 'retaining
          jurisdiction' over the settlement agreement) or by
2           incorporating the terms of the settlement
          agreement in the order.
3

4 Id. at 280-81 (internal citations and quotation marks omitted).

5       Although the parties characterize their settlement as a
6 consent decree, their settlement is functionally equivalent to a
7 private settlement over which exercise of jurisdiction is not
8 required.

9       The remedial portion of the Decree, which the parties
10 designate as "Description of Injunctive Relief," includes the
11 requirement that agreed upon remedial measures be made in accordance
12 with "the more stringent of the standards and specifications for
13 disabled access as are set forth in the California Code of
14 Regulations, Title 24, The Building Standards Code, and the Americans
15 with Disabilities Act Accessibility Guidelines."  (Decree, Ex. B at
16 2.)  This portion of the Decree is inconsistent with the requirements
17 of Federal Rule of Civil Procedure 65(d).  Rule 65(d) requires that
18 "[e]very order granting an injunction . . . shall be *specific in terms*
19 [and] shall describe in reasonable detail, *and not by reference to*
20 *. . . other document[s]*, the act or acts sought to be restrained."
21 Fed. R. Civ. P. 65(d) (emphasis added); William Keeton Enters. v. A
22 All Am. Strip-O-Rama, Inc., 74 F.3d 178, 182 (9th Cir. 1996).

23       The lack of specificity in the standard applicable to this
24 portion of the Decree is such that the Court's sanction power should
25 not be put behind it.  This does not mean, however, that the provision
26 is an insufficient standard for a private settlement.  Therefore, the
27 Decree will not be treated as a consent decree.  Rather, it will be
28 treated as a private settlement.  Jessup v. Luther, 277 F.3d 926, 929

1  (7th Cir. 2002) (indicating that a private settlement agreement over
2  which jurisdiction is not retained could be enforceable in court "in
3  the usual way, that is, by a fresh suit.").
4         Even though the parties' settlement agreement provides that
5  an injunction will issue, "a federal judge . . . is not mechanically
6  obligated to grant an injunction for every violation of law."
7  Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982) (citing
8  Tennessee Valley Auth. v. Hill, 437 U.S. 153, 193 (1978)).  "The
9  requirements for the issuance of [an] injunction are the likelihood of
10 substantial and immediate irreparable injury and the inadequacy of
11 remedies at law."  Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d
12 1486, 1495 (9th Cir. 1996) (citation and quotation marks omitted);
13 eBay Inc. v. MercExchange, LLC, 126 S. Ct. 1837, 1839 (2006) (assuming
14 without deciding that four factors apply to a decision whether to
15 issue an injunction).  The parties have neither shown that a court
16 order is necessary to enforce any provision of their settlement
17 agreement, nor that Plaintiff lacks an adequate remedy at law to
18 enforce the settlement agreement.  Since the parties represent they
19 have agreed to settlement terms and indicate that Defendants will
20 comply with them, reason has not been provided for issuance of an
21 injunction or other order to enforce any aspect of the settlement.
22         Since the parties have settled this action and have agreed
23 to dismiss the action with prejudice, this action is dismissed with
24 prejudice.  Cf. Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th
25 ///
26 ///
27 ///
28 ///

4

Cir. 1980) (revealing that when a settlement is tantamount to a stipulated dismissal, a dismissal order should issue).

IT IS SO ORDERED.

Dated:  January 9, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge